IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MELVIN PEREZ AND DIANA PEREZ** | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 1:22-CV-88** |
| | § | |
| **FREEPORT LAUNCH, LP, STANCO BOAT RENTAL, INC., CRUSANDEL MARINE CO., AND MARAN GAS MARITIME, INC.** | § § § § § | **JURY DEMANDED** |
| *Defendants.* | § | |

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

Melvin Perez and Diana Perez ("Plaintiffs") file this, their Original Complaint and Jury Demand, complaining of Freeport Launch, LP, Stanco Boat Rental, Inc., Crusandel Marine Co., and Maran Gas Maritime, Inc. ("Defendants") and, in support thereof, would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff Melvin Perez is an individual who is a citizen and resident of Cameron County, Texas.

2. Plaintiff Diana Perez is an individual who is a citizen and resident of Cameron County, Texas. Diana Perez is Melvin Perez's wife.

3. Defendant Freeport Launch, LP is a Texas Limited Partnership with its principal place of business in Brazoria County, Texas. Defendant Freeport Launch, LP may be served with process through its registered agent, John Roger Hoss, at 1201 E. Brazos Street, Freeport, Texas 77542, or wherever this Defendant and/or registered agent may be found. Freeport Launch, LP is the employer of Melvin Perez.

1

4. Defendant Stanco Boat Rental, Inc. is a Texas corporation with its principal place of business in Brazoria County, Texas. Defendant Stanco Boat Rental, Inc. may be served with process through its registered agent, John Roger Hoss, at 1201 E. Brazos Street, Freeport, Texas 77542, or wherever this Defendant and/or registered agent may be found. Stanco Boat Rental, Inc. is the owner of the Brenda S vessel upon which Melvin Perez was a crew member at the time of the incident.

5. Defendant Crusandel Marine Co. is a Greek corporation, and therefore not a citizen of any state. Defendant Crusandel Marine Co. does not maintain a regular place of business in Texas, is not registered to do business in Texas, and has not designated an agent for service of process in Texas. Therefore, Defendant Crusandel Marine Co. may be served with citation in accordance with the Hague Service Convention by service through the Central Authority at: Hellenic Ministry of Justice, Directorate of Special Legal Affairs, Department of Private International Law, 96 Mesogeion Av., Athens 11527, Greece. Defendant Crusandel Marine Co. is the owner of the Maran Gas Andros vessel which was involved in the incident.

6. Defendant Maran Gas Maritime, Inc. is a Greek corporation, and therefore not a citizen of any state. Defendant Maran Gas Maritime, Inc. does not maintain a regular place of business in Texas, is not registered to do business in Texas, and has not designated an agent for service of process in Texas. Therefore, Defendant Maran Gas Maritime, Inc. may be served with citation in accordance with the Hague Service Convention by service through the Central Authority at: Hellenic Ministry of Justice, Directorate of Special Legal Affairs, Department of Private International Law, 96 Mesogeion Av., Athens 11527, Greece. Defendant Maran Gas Maritime, Inc. is the commercial manager of the Maran Gas Andros vessel which was involved in the incident.

7. All Defendants can be served under the provisions of Fed. R. Civ. P. Rule 4 and under the Local Rules of this District and Division.

## II.
## JURISDICTION

8. This case asserts a claim under the Jones Act. 46 U.S.C. § 30104. The federal courts have concurrent jurisdiction over claims under the Jones Act. The Court also has subject matter jurisdiction over claims that are created by federal statute. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over state law claims that arise from the same transaction or occurrence as the federal claims (like the Jones Act claims asserted here). 28 U.S.C. § 1367. This case is, therefore, properly brought in federal court.

## III.
## VENUE

9. Venue is proper in this District and in this Division because Plaintiffs resided in Cameron County, Texas and in the Brownsville Division of the Southern District of Texas at the time of the events or omissions giving rise to the claims asserted herein. In addition, all of the corporations are subject to personal jurisdiction in this district. 28 U.S.C. § 1391.

## IV.
## FACTS RELEVANT TO ALL CLAIMS

10. On December 23, 2021, Melvin Perez was working aboard the Brenda S approximately 10 miles offshore from Freeport, Texas. Perez was a member of the crew of the Brenda S and an employee of Freeport Launch, LP.

11. The mission for that day was for the Brenda S to deliver stores and provisions to another (much larger) vessel – the Maran Gas Andros. Crusandel Marine Co. was the owner of the Maran Gas Andros vessel, which was commercially managed by Maran Gas Maritime, Inc. Brenda S was required to maneuver close enough to the Maran Gas Andros so that a crane

3

located on the Maran Gas Andros could reach and attach to the pallets of stores and provisions on the Brenda S in order to lift the pallets onto the Maran Gas Andros.

12. The crane operator on the Maran Gas Andros lowered a line down to the Brenda S, and the line was attached to the pallet of stores and provisions.

13. The crane operator engaged the crane so that it lifted the pallet off the deck of the Brenda S.  When the pallet lifted off the deck, it swung erratically and struck Perez.

14. When Perez was struck by the pallet, he lost his balance and was pushed backwards by the swinging pallet.

15. The swinging pallet violently drove Perez into the deck rail where he was pinned against the rail by the full weight of the pallet.

16. The crane operator lifted the pallets higher to get the pallet off of Perez, but Perez was already severely injured.

17. Perez had performed this operation in the past many times. On this occasion, he performed the task as safely as he knew how to do.

18. This time, Perez was unprepared for two things:

   a. First, he was unaware that the pilot or captain of the Brenda S intended to move the Brenda S while the pallet was being lifted. Moving the vessel while attempting to lift a heavy load in a straight path is almost impossible. Perez would not have signaled to lift the pallet had he known that the Brenda S was moving or going to move.

   b. Second, the movement of the Brenda S was either known or requested by personnel on the Maran Gas Andros. Ordering or observing movement by the Brenda S alerted the crane operator that lifting was not safe until the Brenda S

was in the desired location and stabilized there so that the lift would be vertical and straight.

19. There were no safety tools or safety equipment provided to Perez that would have prevented his injury.

20. Other than his on-the-job experience, Perez had received inadequate training to recognize and guard against the dangers of performing the transfer of the pallet when the Brenda S was moving.

21. The Coast Guard's investigation of the incident confirmed the movement of the Brenda S while loading, the lack of safety equipment, the lack of adequate training, and the crane operator's error in lifting while the Brenda S was moving.

## V.
## CAUSES OF ACTION

**A. Count One – Jones Act Claim Against Freeport Launch, LP and Stanco Boat Rental, Ltd.**

22. Plaintiffs incorporate all statements of fact in paragraphs 1-21 for purposes of the Claim.

23. Perez is a seaman entitled to recover under the Jones Act. He is a member of the crew of the Brenda S. As a member of the Brenda S crew, he has a substantial connection to the vessel, and routinely performed the work of the vessel.

24. The Brenda S was operating in the navigable waters of the United States – approximately 10 miles offshore from Freeport, Texas.

25. Perez was injured while performing in service to the vessel, and was therefore in the course and scope of his employment.

26. The owner of the Brenda S is Stanco Boat Rental Ltd. Stanco, is responsible for the injury suffered by Perez under the Jones Act. In addition, Freeport Launch, LP, Perez's employer and the employer of the individuals serving as the master and pilot of the Brenda S are also responsible.

27. Perez suffered injury due to the negligence or fault of Stanco Boat Rental Ltd. and Freeport Launch, LP.

28. Perez's injury was caused by the negligent acts and omissions of Stanco Boat Rental Ltd. and Freeport Launch, LP, including:

   a. Failure to train Perez in safety procedures for loading and transferring a load of stores and provisions to another vessel;

   b. Failure to provide safety equipment when loading and transferring a load of stores and provisions to another vessel;

   c. Moving and maneuvering the vessel while transferring a load of stores and provisions to another vessel was ongoing;

   d. Failing to warn Perez that the vessel was or would be moving while Perez was in the process of and transferring a load of stores and provisions to another vessel;

   e. Failing to communicate or signal another vessel of an intention to move or maneuver the Brenda S while the transfer of the load of stores and provisions to another vessel was ongoing; and

   f. Taking action that caused the Brenda S to be in the wrong position for a vertical life of a load of stores and provisions to another vessel.

### B. Count Two – Maintenance and Cure related to Stanco Boat Rental, Ltd. and Freeport Launch, LP

29. Plaintiffs incorporate all statements of fact in paragraphs 1-21 for purposes of the Claim.

30. Under traditional maritime law, the owners of the Brenda S, Stanco Boat Rental, Ltd., and Perez's employer Freeport Launch, LP are responsible for maintenance and cure of an injured crew member.

### C. Count Three – Negligence related to Crusandel Marine Co. and Maran Gas Maritime, Inc.

31. Plaintiffs incorporate all statements of fact in paragraphs 1-21 for purposes of the Claim.

32. A person or persons acting within the course and scope of their employment on the vessel Maran Gas Andros were negligent in their duties at the time that Perez was injured.

33. The crane operator and those assisting in loading stores and provisions onto the Maran Gas Andros from the Brenda S were negligent because:

   a. Engaging in a transfer from one vessel to another knowing that proper safety equipment was not being used while loading and transferring a load of stores and provisions onto the Maran Gas Andros;

   b. Continuing the process of transferring a load of stores and provisions onto the Maran Gas Andros knowing that the Brenda S was moving and maneuvering;

   c. Lifting the pallet with a crane in the process of and transferring a load of stores and provisions onto the Maran Gas Andros while the Brenda S was moving or maneuvering;

    d. Failing to communicate with the Brenda S while the transfer of the load of stores and provisions to another vessel was ongoing; and

    e. Taking action that caused the Maran Gas Andros to be in the wrong position for a vertical life of a load of stores and provisions from the Brenda S.

34. Perez's injuries and Plaintiffs' damages were caused by the negligent acts and omissions of Crusandel Marine Co.'s and Maran Gas Maritime, Inc.'s employees and crew members.

## VI.
## DAMAGES

35. As a result of the incident, Plaintiff Melvin Perez sustained serious injuries and damages. Plaintiff Melvin Perez seeks compensation for the following damages:

    a. The medical expenses that Plaintiff has incurred in the past and those which Plaintiff will, in all probability, continue to incur in the future;

    b. Past and future lost earnings or loss of wage-earning capacity of Plaintiff;

    c. Past and future physical impairment, disfigurement, and disability of Plaintiff due to the nature of the injury;

    d. Past physical pain and suffering of Plaintiff and that which he will, in all probability, suffer in the future;

    e. Past and future loss of quality of life and other hedonic damages;

    f. Loss of consortium;

    g. Court costs;

    h. Exemplary damages; and

    i. Any and all other damages to which Plaintiff may be justly entitled.

36. Plaintiff Diana Perez suffered damages because of the substantial injuries to her husband, Melvin Perez. Plaintiff Diana Perez seeks compensation for the following damages:

   a. Past and future mental anguish of Plaintiff;

   b. Past and future loss of quality of life and other hedonic damages;

   c. Past and future loss of household services performed by Melvin Perez;

   d. Court costs;

   e. Exemplary damages; and

   f. Any and all other damages to which Plaintiff may be justly entitled.

## VII.
## JURY TRIAL

37. Plaintiffs demand a jury trial on all issues that are properly tried to a jury.

## VIII.
## PRAYER

Wherefore, premises considered, Plaintiffs request that the Defendants be cited to appear and answer, and that upon final trial by jury, which is hereby demanded, Plaintiffs are entitled to have judgment against Defendants and request that the Court award money damages, as requested above, in such amounts as the jury may deem appropriate and which are allowable by law, along with any and all other relief the Court may deem appropriate.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

*/s/ Muhammad S. Aziz*
MUHAMMAD S. AZIZ
Texas State Bar No. 24043538
Southern District of Texas Bar No. 868540
800 Commerce Street
Houston, Texas 77002
(713) 222-7211 – Telephone
(713) 225-0827 – Facsimile
maziz@awtxlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS MELVIN PEREZ AND DIANA PEREZ**

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

*/s/ Michelle A. Rice*
MICHELLE A. RICE
Texas State Bar No. 24082824
Southern District of Texas Bar No. 3030526
800 Commerce Street
Houston, Texas 77002
(713) 222-7211 – Telephone
(713) 225-0827 – Facsimile
mrice@awtxlaw.com

**ADDITIONAL COUNSEL FOR PLAINTIFFS**

**GRAY REED & MCGRAW LLP**

*/s/ Steven Gregory White*
STEVEN GREGORY WHITE
Texas State Bar No. 21329050
Southern District of Texas Bar No. 9329
900 Washington Avenue, Suite 800
Waco, Texas 76701
(254) 342-3003 – Telephone
(254) 342-3102 – Facsimile
gwhite@grayreed.com

**ADDITIONAL COUNSEL FOR PLAINTIFFS**